**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| **EUGENIA RAPP,** | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
| v. | )     **Civil Action No.** |
| | ) |
| **EQUIFAX INFORMATION SERVICES, LLC** | ) |
| | ) |
| Serve:  Corporation Service Company | ) |
|        Registered Agent | ) |
|        Bank of America Center, 16th floor | ) |
|        1111 East Main Street | ) |
|        Richmond, VA  23219 | ) |
| | ) |
|     **Defendant.** | ) |

**COMPLAINT**

COMES NOW Plaintiff, EUGENIA RAPP ("Plaintiff"), by counsel, and files this Complaint against Defendant, EQUIFAX INFORMATION SERVICES, LLC ("Equifax"). Plaintiff alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for statutory, actual, and punitive damages; costs; and attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681-1681x.

2. The purpose of the FCRA is to require consumer reporting agencies to "adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, *accuracy*, relevancy, and proper utilization of such information." 15 U.S.C. § 1681 (emphasis added). In furtherance of its underlying purposes, the FCRA sets out requirements and obligations that consumer reporting agencies, § 1681i, and their furnishers of

information, § 1681s-2(b), must follow when consumers dispute the accuracy of the information reported in their credit reports.

3. In this case, the servicers of Plaintiff's home mortgage account erroneously furnished inaccurate, derogatory information that was reported on Plaintiff's credit reports. After Plaintiff disputed the inaccurate information with Equifax, it failed to correct Plaintiff's credit report.

4. Accordingly, Plaintiff alleges claims against Equifax for failing to reasonably ensure the maximum possible accuracy of Plaintiff's credit reports in violation of the FCRA, 15 U.S.C. §1681e(b), and for failing to fulfill its reinvestigation duties in violation of the FCRA, 15 U.S.C. § 1681i.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 168l(p).

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because Plaintiff resides in this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in this District and Division and a consumer as defined by 15 U.S.C. § 1681a(c).

8. Equifax is a foreign limited liability company authorized to do business in the Commonwealth of Virginia through its registered offices in Richmond, Virginia. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

**FACTS**

9. In February of 2012, Plaintiff entered into a Home Affordable Modification Program Trial Period Plan with Bank of America, which was servicing her loan at the time.

10. Plaintiff made all of her payments as instructed and was offered and accepted a permanent modification with Bank of America effective July 1, 2012.

11. Plaintiff made all of her permanent modification payments as agreed to with Bank of America.

12. The servicing of Plaintiff's mortgage account was later transferred from Bank of America to Ditech Financial, LLC ("Ditech"), formerly known as Green Tree Servicing, LLC, effective June 1, 2013.

13. Plaintiff continued to make her permanent modification payments to Ditech.

14. In September 2015, Plaintiff obtained a copy of her Equifax credit report. Her credit report erroneously reflected that her Bank of America mortgage account was 180 days past due for the period of January 2013 through April 2013, and 120 days past due for the period September 2011 through December 2012. It further reported that her Ditech account was 180 days past due for the period January and February 2014, 30 days late for the period May 2015 through August 2015, 60-90 days late from October, 2015 to December, 2015, and 60-120 days late from January 2016 through November of 2016.

15. The information reported on her Equifax credit report was erroneous as Plaintiff had been making timely modified payments in accordance with her modification agreement with Bank of America.

16. On or around September 2, 2015, Plaintiff sent a written dispute letter to Equifax. With her dispute letter, she provided a copy of her Trial Period Plan with Bank of America,

acknowledgements of her permanent modification by Bank of America and Ditech, and proof of her payments.

17. In response to her dispute, Equifax "verified" the inaccurate and derogatory information that Bank of America and Ditech were reporting.

18. Plaintiff sent a follow-up dispute letter to Equifax on January 20, 2017. With her dispute letter, she provided a copy of a prior dispute letter she had sent, her Trial Period Plan with Bank of America, acknowledgements of her permanent modification by Bank of America and Ditech, and proof of her payments.

19. On or about February 2, 2017, Equifax sent Plaintiff correspondence indicating that Bank of America had verified that the current status and payment history was reported correctly. Equifax response indicated it failed to investigate Plaintiff's dispute with Ditech altogether.

20. On April 13, 2017, Plaintiff issued a follow up dispute letter to Equifax indicating that it had failed to correct the information regarding Bank of America and Ditech, which were continuing to furnish derogatory and inaccurate information that was being reported by Equifax.

21. Equifax responded on May 10, 2017, again indicating that it had verified the current status and prior paying history of the Bank of America account. Plaintiff's Bank of America mortgage account information has not been corrected and remained inaccurate as previously reported. Again, Equifax failed to investigate Plaintiff's Ditech dispute whatsoever.

22. In spite of Plaintiff's disputes, Defendant refused to remove the inaccurate, derogatory information from Plaintiff's credit reports.

23. As a standard practice, Equifax does not conduct independent investigations in response to consumer disputes. Instead, it merely parrot the response of the furnisher despite numerous court decisions admonishing this practice. *See Cushman v. Trans Union Corp.*, 115 F.3d

220, 225 (3d Cir. 1997) ("The 'grave responsibilit[y]' imposed by § 1681i(a) must consist of something more than merely parroting information received from other sources. Therefore, a 'reinvestigation' that merely shifts the burden back to the consumer and the credit grantor cannot fulfill the obligations contemplated by the statute."); *Apodaca v. Discover Fin. Servs.*, 417 F. Supp. 2d 1220, 1230–31 (D. N.M. 2006) (noting that credit reporting agencies may not rely on automated procedures that make only superficial inquiries once the consumer has notified it that information is disputed); *Gorman v. Experian Info. Sols., Inc.*, 2008 WL 4934047, at *6 (S.D.N.Y. Nov. 19, 2008).

24. Upon information and belief and consistent with their standard policies and procedures, Equifax automatically generated its "investigation" results once Bank of America provided its response to Plaintiff's disputes, verifying the status of the account, and did not take any additional steps after Bank of America provided its responses to Plaintiff's disputes.

25. Instead, Equifax blindly accepted Bank of America's version of the facts and continued to report the inaccurate, derogatory information on Plaintiff's credit reports.

26. Equifax continues the practice of parroting the response from the furnisher even though it has been repeatedly sued for failing to conduct a reasonable investigation as required by the FCRA.

27. Defendant does not intend to modify its dispute-processing procedures because doing so would drastically increase its operating expenses.

28. Instead, Defendant intentionally chooses not to comply with the FCRA to lower its costs. Accordingly, Defendant's violations of the FCRA were willful.

## COUNT ONE:
## VIOLATION OF FCRA, 15 U.S.C. § 1681e(b)

29. Plaintiff incorporates by reference each of the allegations set forth in the preceding

paragraphs.

30. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained.

31. As a result of Equifax's conduct, Plaintiff suffered actual damages, including without limitation: credit damage, damage to reputation, embarrassment, humiliation, and other emotional distress.

32. Equifax's conduct in violating § 1681e(b) was willful, rendering it liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

## COUNT TWO:
## VIOLATION OF FCRA, 15 U.S.C. § 1681i

33. Plaintiff incorporates by reference each of the allegations set forth in the preceding paragraphs.

34. Equifax violated multiple sections of § 1681i, including but not limited to: (1) failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate in violation of § 1681i(a)(1); (2) failing to provide Bank of America with all the relevant information regarding Plaintiff's disputes in violation of § 1681i(a)(2); (3) failing to review and consider all relevant information submitted by Plaintiff in violation of §1681i(a)(4); and (4) failing to promptly delete the disputed inaccurate items of information from Plaintiff's credit file or modify the item of information upon a lawful reinvestigation of § 1681i(a)(5)(A).

35. As a result of Equifax's violations of §1681i, Plaintiff suffered actual damages, including but not limited to: loss of credit, damage to reputation, embarrassment, humiliation, and other emotional distress.

36. Equifax's violations of § 1681i were willful, rendering it liable to Plaintiff for actual damages, statutory damages, punitive damages, costs, and attorney's fees in an amount to be determined pursuant to 15 U.S.C. § 1681n. In the alternative, Equifax was negligent, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and punitive damages against Defendant; her attorney's fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems proper.

**TRIAL BY JURY IS DEMANDED**

                                            Respectfully submitted,
                                            **EUGENIA RAPP**

                                            By: */s/ Kristi C. Kelly*
                                            Kristi C. Kelly, Esq., VSB #72791
                                            Andrew J. Guzzo, Esq., VSB #82170
                                            KELLY & CRANDALL, PLC
                                            3925 Chain Bridge Road, Suite 202
                                            Fairfax, VA 22030
                                            (703) 424-7572
                                            (703) 591-0167 Facsimile
                                            Email: kkelly@kellyandcrandall.com
                                            Email: aguzzo@kellyandcrandall.com

                                            *Counsel for Plaintiff*